UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No.: 8:17-cv-1588-T-36AAS

MARK W. CIARAVELLA,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff United States of America's **Motion for Extension of Time**. (Doc. 6). Plaintiff filed its Complaint against Defendant on June 30, 2017. (Doc. 1). Pursuant to Federal Rule of Civil Procedure Rule 4(m), Plaintiff had ninety days—until September 28, 2017—to serve Defendant. In the July 3, 2017 Order Regulating the Processing of Civil Recovery Actions, the Clerk specified that Plaintiff, if unable to perfect service timely, had until October 3, 2017, to either move for voluntary dismissal of the case or show cause in writing why this action should not be dismissed for lack of prosecution. (Doc. 3).

Plaintiff was unable to perfect service timely on Defendant. Plaintiff also did not timely comply with this Court's October 3, 2017, deadline. Now, almost a month after Plaintiff's deadline to serve Defendant and three weeks after a Court-ordered deadline, Plaintiff asks the Court to permit an additional sixty days to serve Defendant. (Doc. 6, p. 1).

Federal Rule of Civil Procedure Rule 4(m) also states that "the court must extend the time for service for an appropriate period" if the plaintiff shows good cause for failing to serve the defendant. Good cause exists when the defendant may be evading service. *See Setai Hotel*

1

*Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-21296-CIV-SCOLA, 2016 WL 8677230, at *3 (S.D. Fla. Oct. 14, 2016) (citing *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005)) (citation omitted).

Here, Plaintiff states that the process server has attempted to serve Defendant at his home address on eight separate occasions (two of these occasions, however, occurred after the operative deadline for service). (Doc. 6, p. 1). According to Plaintiff, during each service attempt, the process server could hear and see an individual in Defendant's home, but no one answered the door. (*Id.*). Plaintiff has not provided the Court with the process server's paperwork or any affidavits for the six timely, but unsuccessful attempts at service.

According to Plaintiff, Defendant's counsel has contacted Plaintiff about the case. This suggests that Defendant is aware of this case, but that Defendant has not authorized counsel to accept service on his behalf. Based on this record, the Court finds Plaintiff has established the requisite good cause to extend the time for service on Defendant. However, given Plaintiff's belated filing of this motion and failure to comply with this Court's prior deadline, the Court concludes that an appropriate period of extension is sixty days from the original deadline for service.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 6) is **GRANTED to the extent that** Plaintiff's deadline to perfect service on Defendant is extended to **November 27, 2017**.

**DONE AND ORDERED** in Tampa, Florida on this 26th day of October, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge