# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No.: 8:17-cv-1588-T-36AAS

MARK W. CIARAVELLA,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Second **Motion for Extension of Time**. (Doc. 8). Plaintiff asks the Court to extend the deadline in which Plaintiff must serve Defendant by an additional sixty days. (*Id.*). For the reasons set out below, Plaintiff's Motion is **DENIED**.

**I.  PROCEDURAL HISTORY**

On June 30, 2017, Plaintiff United States of America filed a complaint against Defendant Mark W. Ciaravella seeking to collect outstanding student loan debt. (Doc. 1, p. 2). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had ninety days to serve Defendant; that is, until September 28, 2017. On July 3, 2017, the Clerk entered an Order Regulating the Processing of Civil Recovery Actions, wherein the Clerk advised Plaintiff that if service wasn't perfected by the September 28th deadline, then Plaintiff was required to either move for voluntary dismissal of the case or show cause in writing why the action should not be dismissed for lack of prosecution by October 3, 2017. (Doc. 3).

Plaintiff failed to perfect service by September 28, 2017. Plaintiff also failed, prior to the Clerk's October 3rd deadline, to either move for voluntary dismissal or show cause in writing why

1

the action should not be dismissed for lack of prosecution. On October 25, 2017, despite its noncompliance with the Federal Rules of Civil Procedures and the Clerk's order, Plaintiff filed a Motion for Extension of Time ("First Motion") in which to serve Defendant. (Doc. 6). Plaintiff unapologetically filed its First Motion thirty days after its original service deadline and over twenty days after the deadline in the July 3rd Clerk's order. While Plaintiff stated in its belated First Motion that it attempted to serve Defendant at his home address on eight separate occasions, two of Plaintiff's attempts occurred weeks *after* the September 28th service deadline. (Doc. 6, p. 1). Not only was Plaintiff unapologetic about its unexcused delay in filing its First Motion, but Plaintiff did not provide the Court with any process server paperwork or affidavits to support its allegations related to the six timely attempts at service and did not even pay lip service to the good cause standard for permitting an extension of the expired service deadline. (Doc. 7, p. 2). Despite these significant shortcomings, the Court reluctantly permitted Plaintiff an additional thirty days (until November 27, 2017) to perfect service on Defendant. (*Id.*).

Five days prior to the extended deadline, on November 22, 2017, Plaintiff filed its Second Motion for Extension of Time ("Second Motion") to serve Defendant.

**II.  ANALYSIS**

Rule 4(m) provides that if a plaintiff fails to serve the defendant within ninety days after the complaint is filed or after a specified time given by the court, the plaintiff must show good cause as to why an extension of time in which to serve the defendant should be given. Good cause exists when some outside factor, such as reliance on faulty advice, prevents service of process. *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (discussing good cause in the context of Rule 4(j), which is the previous version of Rule 4(m)) (citation omitted). However, inadvertence or

2

negligence do not constitute good cause. *Id.* In the absence of good cause, the Court has the discretion to extend the time for service of process. *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citation omitted).

Here, Plaintiff's Second Motion, much like its First Motion, comes with a number of irregularities. In the month since the Court's Order on the First Motion, Plaintiff has not attempted to perfect service on Defendant at his home and has instead attempted to perfect service on Defendant at his place of employment twice: once on October 31st (Halloween) and once on November 21st (Thanksgiving week). (Doc. 8, p. 1). Under the circumstances, a mere two service attempts during a month-long period for service after failed prior attempts does not strike the Court as either persistent or diligent. Moreover, under the circumstances, Plaintiff's decision to wait three weeks between the two lone service attempts and then to have the last pre-deadline service attempt at Defendant's workplace on the Tuesday of Thanksgiving week is also, simply put, inexcusable. Last, despite the Court pointing out Plaintiff's failure in its prior Order (Doc. 7, p. 2), Plaintiff once again has not provided the Court with any process server paperwork or affidavits verifying its service attempts. Ultimately, Plaintiff has nothing to support any claim that Plaintiff could make that there is good cause for the Court to once again extend Plaintiff's service deadline.

Tellingly, nowhere in Plaintiff's Second Motion does Plaintiff muster up the courage to even argue to the Court that there is good cause for Plaintiff to be granted another extension. There is no good cause. Plaintiff's actions in filing its First Motion well after the applicable deadline, not providing the Court with sufficient documentation to evaluate Plaintiff's prior unsuccessful service attempts, and poor judgment in choosing when and how often to attempt service illustrate a lack of diligence. Thus, the Court finds that this lack of diligence, like inadvertence and

3

negligence, undercuts any colorable claim that there is good cause for an additional extension.

## III. CONCLUSION

For the aforementioned reasons, it is **ORDERED** that Plaintiff's Second Motion for Extension of Time (Doc. 7) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 1st day of December, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge